UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

RAYJAVONTAE WILSON AND JOANNA GEROLD,

*Plaintiffs,*

*v.*                                              Case No: 3:26-cv-421

PORTAGE COUNTY AND COLLIN HAWKINS,

*Defendants.*

---

## COMPLAINT

---

Plaintiffs Rayjavontae Wilson and Joanna Gerold, by their attorneys, Strang Bradley, LLC, for their complaint against Defendants, state:

### INTRODUCTION

1. This lawsuit is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiffs' rights secured by the United States Constitution.

2. On Christmas Eve, 2025, Plaintiffs Rayjavontae Wilson and Joanna Gerold were driving in Portage County, on the way to pick up Wilson's cousin.

3. Defendant Collin Hawkins, a deputy with the Portage County Sheriff's Department, pulled them over for traffic violations.

4. Hawkins unlawfully extended the traffic stop and unreasonably frisked Wilson and searched Wilson's and Gerold's persons, including their pockets, without consent, a warrant, or an exception to the warrant requirement.

5.      Hawkins eventually released Wilson and Gerold after issuing Wilson traffic citations.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over federal claims pursuant to 28 U.S.C. § 1331.

7.      Venue is proper under 28 U.S.C. § 1391(b)(2). Defendant Portage County is a political subdivision of the state of Wisconsin located within this judicial district. Additionally, the events giving rise to the claims asserted herein occurred within the judicial district.

## PARTIES

8.      Plaintiff Rayjavontae Wilson is a resident of the State of Wisconsin and the County of Wood.

9.      Plaintiff Joanna Gerold is a resident of the State of Wisconsin and the County of Wood.

10.     Defendant Portage County is a political subdivision of the state of Wisconsin and is or was the employer of individual Defendant Collin Hawkins. Defendant Portage County is required to pay any tort judgment for damages for which its employees are liable for acts within the scope of their employment.

11.     Defendant Collin Hawkins was, at the time of this occurrence, employed as a deputy in the Portage County Sheriff's Office. Defendant Hawkins engaged in the conduct complained of while he was on duty, acting under color of state law, ordinance, or regulation, and in the course and scope of his employment with Portage County. He is sued in his individual capacity.

2

12. At all times Hawkins interacted with Wilson and Gerold on December 24 and 25, 2025, Hawkins was acting under color of state and local law.

13. At all times Hawkins interacted with Wilson and Gerold on December 24 and 25, 2025, Hawkins acted within the scope of his employment with Portage County.

## FACTS

14. On December 24, 2025, Rayjavontae Wilson and his girlfriend, Joanna Gerold, were driving in Portage County to pick up Wilson's cousin when Portage County Sheriff's Deputy Collin Hawkins pulled them over for suspended registration, suspended driver's license, and speeding.

15. When Hawkins approached the vehicle, he asked Wilson for his identification and proof of insurance on the car. Wilson provided his name, date of birth, current address, and proof of insurance.

16. Hawkins returned to his squad and relayed Wilson's information to dispatch. Dispatch informed him that Wilson had a suspended license but had no outstanding warrants or wants, was not on probation or parole, and had no open cases.

17. After returning to his squad, Hawkins called for a K9 officer and began completing a citation for operating while suspended and written warnings for excessive window tint, speeding, and vehicle registration suspension.

18. Hawkins delayed the stop to wait for the K9 officer.

19. Approximately 15 minutes after the traffic stop began, a City of Stevens Point Police Department K9 officer arrived with his dog.

20. The K9 officer said the dog alerted near Wilson's right bumper.

3

21.    Hawkins then ordered Wilson to exit his car, and Wilson complied.

22.    After he exited the car, Hawkins asked Wilson, "You got any weapons on you or anything?" to which Wilson replied, "Nope."

23.    Hawkins then asked Wilson, "Cool if I just give you a pat down or anything to make sure you don't have anything on you?" Wilson responded, "I don't consent to searches or seizures."

24.    Hawkins then frisked Wilson without consent or reasonable suspicion that Wilson was armed and dangerous.

25.    Hawkins then ordered Gerold out of the car and frisked her with consent.

26.    Hawkins searched the car and found nothing illegal.

27.    After searching the car, Hawkins said to Gerold, "Real quick, do you have anything on you at all? I'm just gonna give you a quick search." Hawkins then searched Joanna, including her pockets and jacket, without consent and found nothing.

28.    Hawkins then approached Wilson and told him he was going to search him and give him paperwork.

29.    Wilson told Hawkins, "I still don't consent."

30.    Hawkins replied, "Okay, you don't have to consent."

31.    Hawkins then searched Wilson, including his pockets and jacket, and found nothing.

32.    Hawkins then issued citations and warnings to Wilson and released the couple from the traffic stop. By then, midnight had passed, and it was December 25.

4

## COUNT 1:
### 42 U.S.C. § 1983 Claim for Unreasonable Seizure
### Extension of Traffic Stop

33.    Plaintiffs reallege the above paragraphs.

34.    Defendant Hawkins unreasonably seized Plaintiffs Rayjavontae Wilson and Joanna Gerold by unlawfully extending the traffic stop. This violated Wilson and Gerold's rights under the Fourth Amendment to be free from unreasonable search and seizure.

35.    Hawkins prolonged the detention of Wilson and Gerold by deviating from the mission of the traffic stop and taking longer than necessary to complete the citation, delaying the stop until the K9 officer arrived.

36.    Hawkins lacked the independent reasonable suspicion necessary to delay the traffic stop.

37.    The aforementioned actions of Hawkins were the direct and proximate cause of the constitutional violations set forth above and of Plaintiffs' injuries and damages as set forth above.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 & 1988, Plaintiffs Wilson and Gerold demand actual or compensatory damages against Defendant Hawkins and, because he acted in reckless disregard for Wilson and Gerold's rights, punitive damages, plus the costs of this action, attorneys' fees, and such other relief that the Court deems just and equitable.

## COUNT 2:
### 42 U.S.C. § 1983 Claim for First Unreasonable Search
### Frisk of Rayjavontae Wilson

38.    Plaintiffs reallege the above paragraphs.

39.     Defendant Hawkins searched Plaintiff Rayjavontae Wilson by frisking him. Plaintiff Wilson did not consent, and Defendant Hawkins did not have reasonable suspicion to believe that he was armed and dangerous.

40.     The actions of Defendant Hawkins in searching Plaintiff Wilson without a warrant and without any other permissible lawful reason to do so violated Plaintiff's Fourth Amendment right to be free from unreasonable search and seizure.

41.     The aforementioned actions of Defendant Hawkins were the direct and proximate cause of the constitutional violations set forth above and of Plaintiff's injuries and damages as set forth above.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 & 1988, Plaintiff Wilson demands actual or compensatory damages against Defendant Hawkins and, because he acted in reckless disregard for Wilson's rights, punitive damages, plus the costs of this action, attorneys' fees, and such other relief that the Court deems just and equitable.

## COUNT 3:
### 42 U.S.C. § 1983 Claim for Unreasonable Search
### Full Search of Joanna Gerold's Person

42.     Plaintiffs reallege the above paragraphs.

43.     Defendant Hawkins searched Plaintiff Joanna Gerold by putting his hands in her pockets and directing her to unzip and open her jacket.

44.     Hawkins violated Gerold's Fourth Amendment rights by unreasonably searching her without consent, a warrant, or any exception to the warrant requirement.

45.     The aforementioned actions of Defendant Hawkins were the direct and proximate cause of the constitutional violations set forth above and of Gerold's injuries and damages as set forth above.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 & 1988, Plaintiff Gerold demands actual or compensatory damages against Defendant Hawkins and, because he acted in reckless disregard for Gerold's rights, punitive damages, plus the costs of this action, attorneys' fees, and such other relief that the Court deems just and equitable.

## COUNT 4:
### 42 U.S.C. § 1983 Claim for Second Unreasonable Search
### Full Search of Rayjavontae Wilson's Person

46.     Plaintiffs reallege the above paragraphs.

47.     Defendant Hawkins searched Plaintiff Wilson by placing his hands in Wilson's pockets and unzipping Wilson's jacket.

48.     Hawkins violated Wilson's Fourth Amendment rights by unreasonably searching him without consent, a warrant, or any exception to the warrant requirement.

49.     The aforementioned actions of Defendant Hawkins were the direct and proximate cause of the constitutional violations set forth above and of Plaintiff Wilson's injuries and damages as set forth above.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 & 1988, Plaintiff Wilson demands actual or compensatory damages against Defendant Hawkins and, because he acted in reckless disregard for Wilson's rights, punitive damages, plus the costs of this action, attorneys' fees, and such other relief that the Court deems just and equitable.

## COUNT 5:
## Indemnification Claim Against Portage County

50.     Plaintiffs reallege the above paragraphs.

51.     Wisconsin law, WIS. STAT. § 895.46, requires public entities to pay any tort judgment for damages for which employees are liable, for acts within the scope of their employment.

52.     At all times relevant to this action, Defendant Collin Hawkins engaged in the conduct complained of while he was on duty and in the course and scope of his employment with Portage County.

WHEREFORE, Plaintiffs ask this Court to find that the Portage County is liable to defend this action against Defendant Collin Hawkins and to satisfy any judgment entered against him, by virtue of WIS. STAT. § 895.46.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury, pursuant to FED. R. CIV. P. 38(b), on all issues so triable.

Respectfully submitted,

Dated: May 6, 2026,

/s/ R. Rick Resch
John H. Bradley
  Wisconsin Bar No. 1053124
Jacob M. Stroup
  Wisconsin Bar No. 1089159
R. Rick Resch
  Wisconsin Bar No. 1117722
STRANG BRADLEY, LLC
613 Williamson Street, Suite 204
Madison, Wisconsin 53703
(608) 535-1550

8

John@StrangBradley.com
Jacob@StrangBradley.com
Rick@StrangBradley.com

*Attorneys for Plaintiffs*